**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1882
_____

HESKETH REVAN,
                    Appellant

v.

WARDEN,
ESSEX COUNTY CORRECTIONAL FACILITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-18-cv-15172)
District Judge:  Honorable Jose L. Linares
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 20, 2020
Before:  JORDAN, BIBAS and PHIPPS, Circuit Judges

(Opinion filed: September 22, 2020)
_____

OPINION*
_____

PER CURIAM

        Pro se appellant Hesketh Revan, a native of St. Kitts and Nevis and a citizen of the

United Kingdom, was ordered removed from the United States in 2000 for having been

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

convicted of an aggravated felony. In 2001, the Board of Immigration Appeals (BIA) dismissed his appeal. Revan was removed in 2003, but he re-entered the United States illegally in 2006, and the order of removal was reinstated. Revan was nevertheless released on an order of supervision, and it was not until 2018 that he was taken into custody and removed to St. Kitts.

Just prior to that removal, Revan filed a habeas petition pursuant to 28 U.S.C. § 2241 petition arguing that the 2001 final removal order was "functionally invalid" because the Immigration Judge failed to advise him that he may be eligible for a waiver of inadmissibility under former INA § 212(c),[1] or that he may have derived citizenship from his grandmother.[2] The District Court determined that it lacked jurisdiction over the petition, citing the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, and dismissed it. This appeal ensued. Exercising de novo review, we will affirm. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010).

The REAL ID Act stripped district courts of jurisdiction over § 2241 petitions challenging removal orders. See 8 U.S.C. § 1252(a)(5). Instead, "a petition for review . . . [is] 'the sole and exclusive means for judicial review of an order of removal.'" Verde-

---

[1] Pursuant to INA § 212(c), deportable aliens who had accrued seven years of lawful permanent residence in the United States could request discretionary relief from deportation. 8 U.S.C. § 1182(c) (repealed 1996).

[2] Revan maintains that he was brought to the United States in 1968, when he was eight months old, and that he lived with his grandmother, who became a U.S. citizen in 1979, until he was 17 years old.

2

Rodriguez v. Att'y Gen., 734 F.3d 198, 201 (3d Cir. 2013) (quoting 8 U.S.C.

§ 1252(a)(5)).[3] Revan argues on appeal that he did not challenge his removal order, but

rather he sought to attack the "unlawful[ ] depriv[ation] of the right to pursue relief from

the deportation order." Appellant's Br. at 13. While we have recognized that

§ 1252(a)(5) does not preclude a habeas corpus challenge of something other than an

order of removal, see, e.g., Kumarasamy v. Att'y Gen., 453 F.3d 169, 172 (3d Cir. 2006)

(holding that the REAL ID Act does not apply where the habeas petitioner argued he was

improperly deported because no removal order was entered against him), we have also

held that the term "order of removal" is broadly defined and includes within its ambit

procedural due process claims, such as Revan's, which "allege[ ] errors on which the

validity of the final order [are] contingent." Verde-Rodriguez, 724 F.3d at 206 (internal

quotation marks omitted) (quoting INS v. Chadha, 462 U.S. 919, 938 (1983)); see also

E.O.H.C. v. Sec'y, DHS, 950 F.3d 177, 184 (3d Cir. 2020) (noting that district courts lack

jurisdiction "to review most claims that even relate to removal") (citing 8 U.S.C.

---

[3] At the time the BIA issued its final removal order, it appeared that Revan, as a criminal alien, had no means to obtain review of the final removal order. See Kolkevich v. Att'y Gen., 501 F.3d 323, 332 (3d Cir. 2007) (noting that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), "threatened to strip criminal aliens of all judicial review"). A month later, however, the Supreme Court held that the IIRIRA permits habeas review under § 2241. See INS v. St. Cyr, 533 U.S. 289, 314 (2001). The Government notes that Revan could have sought habeas review between the time St. Cyr was decided and when he was removed in 2003. See Verde-Rodriguez, 734 F.3d at 204 n.4.

§ 1252(b)(9)). The District Court therefore properly concluded that it lacked jurisdiction to review the claims in Revan's § 2241 petition.

The District Court also did not err in declining to forward the habeas petition to this Court to be treated as a petition for review as it would be considered untimely. See 28 U.S.C. § 1631 (permitting a district court to transfer an appeal mistakenly filed in the wrong court if the "appeal could have been brought at the time it was filed or noticed"); see also 8 U.S.C. § 1252(b)(1) (a petition for review must be filed within 30 days of the final removal order); Verde-Rodriguez, 724 F.3d at 203 (holding that a petitioner cannot circumvent the 30-day time limit "by seeking review of the merits of an underlying removal order by filing a petition for review within 30 days of the issuance of a reinstated order").[4] As such, we would lack jurisdiction to review the 2001 final order of removal, including constitutional claims or questions of law. See Verde-Rodriguez, 734 F.3d at 201-02 (noting that § 1252(a)(2) is not an independent basis for jurisdiction).[5]

---

[4] Revan emphasizes that he did not file a timely petition for review because "he reasonably believed his immigration troubles were over" after he was released on the order of supervision. Appellant's Br. at 12. But there is nothing to suggest that he was precluded from filing a petition for review in the 30-day period following the enactment of the REAL ID Act. He also mistakenly relies on Debeato v. Att'y Gen., 505 F.3d 231 (3d Cir. 2007), to suggest that his final order of removal may be reviewed; as we have explained, that case did not address the 30-day time limit in § 1252(b)(1). Verde-Rodriguez, 734 F.3d at 202. Similarly, his reliance on Atkinson v. Att'y Gen., 479 F.3d 222 (3d Cir. 2007), is misplaced as the habeas petition in that matter was filed prior to the enactment of the REAL ID Act.

[5] Revan's argument that, as applied to him, the REAL ID Act offends the Suspension Clause is foreclosed by our decision in Kolkevich, 501 F.3d at 337 n.9 (adopting, and

Based on the foregoing, we will affirm the District Court's judgment.

---

retroactively applying, a 30-day grace period for filing a petition for review to avoid any contravention of the Suspension Clause following the enactment of the REAL ID Act).